

**THEODORE M. COOPERSTEIN**

APPELLATE COUNSEL

1888 MAIN STREET
SUITE C-203
MADISON, MS 39110

(601) 397-2471
TED@APPEALSLAWYER.US

April 29, 2026

**VIA CM/ECF**

Nwamaka Anowi,
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: *Hill v. United States*, No. 25-6852 **Reply to Government's Response under Fed. R. App. P. 28(j)**

Dear Clerk Anowi:

Appellant respectfully replies to the government's April 28, 2026 letter (Doc. 34).

*First*, the government mischaracterizes Hill's reply brief. Hill argued that this action is not a Rule 41(g) motion ancillary to an ongoing federal criminal proceeding, in order to distinguish *DiBella*'s finality framework. Reply Br. 19. Hill did not concede that the action falls outside *In re Search Warrants Issued Feb. 18, 2022*, 111 F.4th 316 (4th Cir. 2024). To the contrary, Hill's freestanding civil action seeking return of seized property and prospective declaratory relief is precisely the posture in which appellate jurisdiction is well-established. And with no criminal prosecution pending in any jurisdiction, the disruption-of-ongoing-proceedings concern animating *DiBella* has no application here.

*Second*, neither *Kelser v. Anne Arundel County Department of Social Services*, 679 F.2d 1092 (4th Cir. 1982), nor *American Federation of State, County & Municipal Employees v. Social Security Administration*, 2026 WL 969670 (4th Cir. Apr. 10, 2026), supports the government's position. *Kelser* addressed only whether the district court abused its discretion in abstaining at the time, where related state proceedings remained pending. *AFSCME*'s footnote concerns the scope of the record on preliminary-injunction review: a procedural posture distinct from the review here of an abstention-based dismissal of a civil action seeking declaratory and injunctive relief. Like Hill, AFSCME sought federal judicial review of federal law claims; there were no issues of state judicial comity or parallel state proceedings.

April 29, 2026
Page 2

Neither case insulates *Younger* abstention from later-developing facts; the government's "frozen-in-time" theory of abstention review finds no support in *Younger* doctrine. *Younger*'s predicate, an ongoing state criminal proceeding, must be assessed on a continuing basis. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). Where, as here, the predicate has been eliminated by state court dismissal, abstention cannot stand.

The April 22, 2026 dismissal accordingly bears on both questions before the Court.

Respectfully submitted,

*/s/ Theodore Cooperstein*
Theodore M. Cooperstein

**Counsel for Appellant
Schiller D. Hill**